# Exhibit 1

DISTRICT OF COLUMBIA
COURT OF APPEALS

| | |
|---|---|
| PRECISION CONTRACTING SOLUTIONS, LP, et al.<br><br>    Appellant<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br><br>    Appellee<br><br>-------------------------<br><br>STEPHEN C. SIEBER et, al.<br><br>    Appellant<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br><br>    Appellee | Case No. 25-CV-0046<br>2019 - cv - 5047 B<br><br><br><br><br><br><br><br><br>Case No. 25-CV-0047<br>2020-cv-1596 B |

**OPPOSED MOTION OF APPELLANTS TO STAY PROCEEDINGS AND JUDGMENT ORDERS BASED ON FIRST AMENDMENT CONSTITUTIONAL CHALLENGES IN D.C. FEDERAL COURT TO D.C. COMSUMER PROTECTION LAWS**

Appellants now move the D.C. Court of Appeals ("DCCA") to stay judgments and final orders of the D.C. Superior Court ("D.C. Court") as well as proceedings in this Court as listed in the Notices of Appeal filed by Appellants on January 15, 2025, pending their First Amendment challenges to the D.C. Consumer Protection Procedures Act ("CPPA"), now being heard in the

1

United Stated District Court for the District of Columbia. *(See Attached Second Amended Complaint, now pending in D.D.C. 24-cv-03247)*

Defendants in the federal litigation include those currently holding judgments orders from the D.C. Court:

1) The District of Columbia was awarded **$1,297,626.67** by Judge Edelman for restitution to consumers against Appellants when no injury damages or loss to consumers was present or found by the jury.

2) The District of Columbia was awarded **$629,128.85** by Judge Edelman for civil penalties against Appellants when no injury damage or loss to consumers was present, or found by the jury.

3) The District of Columbia was awarded **$902,608.72** by Judge Edelman for legal fees against Appellants when no injury damage or loss to consumers was present, or found by the jury.

4) The District of Columbia was awarded injunctive relief by Judge Edelman against Appellants banning them from holding licenses in the construction and remodeling industry in the District when no injury, damage or loss to consumers was present or found by the jury, and, with no negative history in the construction, remodeling or any other industry in this or any other jurisdiction.

5) Kenneth Vogel was awarded **$46,175.01** when Judge Jason Park erred when finding that Appellants violated the District's Anti-SLAPP statute.

6) American University and Natalie Delgadillo were awarded **$115,594.54** when Judge Jason Park also erred when finding that Appellants violated the District's Anti-SLAPP statute.

7) American University and Natalie Delgadillo were awarded **$20,804.96** when Judge McKenna abused her discretion and the law when sanctioning Appellant Stephen Sieber for serving a trial witness subpoena to a material witness that he had a lawful right to do.

The judgment orders above are directly related to D.C. Code § 28-3904 et seq., Unfair or Deceptive Trade Practices and specifically: 1) D.C. § 28-3904 (e) "misrepresent as to a material fact that has a tendency to mislead" and, 2) D.C. § 28-3904 (f) "fail to state a material fact if

such failure tends to mislead" and, 3) D.C. § 28-3904 (f-1) "use innuendo or ambiguity as to a material fact which has a tendency to mislead" and, 4) D.C. § 28-3904 (m) "harass or threaten a consumer with any act other than legal process, either by telephone, cards, letters or any form of electronic or social media"  These CPPA statutory provisions lay at the foundation of Plaintiffs D.D.C. § 1983 Complaint that also challenges the constitutionality of the D.C. government bringing CPPA lawsuits when no injury, damage or loss to consumers is present, which flies in the face of Federal Trade Commission ("FTC") consumer protection policies and procedures.

Simply stated, if the Federal Court in D.D.C. 24-cv-03247 declares the challenged CPPA statutory provisions unconstitutional, then D.C. Court orders and judgments against Appellants become instantly invalidated.  Therefore, it would be a tremendous waste of time, money and DCCA resources to hear, at this time, the 32 issues presented on appeal when it could be instantly vacated in one order from D.D.C. 24-cv-03247.

The now closed D.C. Court cases did not involve First Amendment statutory challenges to the CPPA.  Final orders by Judge Edelman came well after Plaintiffs filed their DDC § 1983 Complaint.  Judge Edelman did not address any statutory challenges or other constitutional violations pled in Plaintiffs' D.D.C. § 1983 Complaint.  The Federal Court, therefore, has original jurisdiction to hear First Amendment challenges to CPPA statutory provisions and all other related claims under pendent jurisdiction within D.D.C. 24-cv-03247.  For all the reasons stated above Appellants respectfully request the Court grant Appellants request in conformance with the attached order.

        Respectfully Submitted

*/s/ Stephen Sieber pro-se*
Stephen C. Sieber
1805 45th Street N.W.
Washington D.C. 20007
Email marcostevie@gmail.com
Phone number 240 432-3265
*/s/ Edward W. Lyle*
Edward W. Lyle, D.C. Bar 25700
1250 Connecticut Avenue N.W.
Suite 700
Washington D.C. 20036-2657
Tel: (202) 333-4280
Fax: (202) 333-4282
Email: ewlyle@west1805.com
*Attorney for Precision Contracting*
*Solutions and Derrick Sieber, individually*

January 29, 2025

## DISTRICT OF COLUMBIA
## COURT OF APPEALS

| | |
|---|---|
| PRECISION CONTRACTING<br>  SOLUTIONS, LP, et al.<br><br>   Appellant<br><br>   v.<br><br>DISTRICT OF COLUMBIA<br><br>   Appellee | Case No. 25-CV-0046<br>2019 - cv - 5047 B |

-------------------------

| | |
|---|---|
| STEPHEN C. SIEBER et, al.<br><br>   Appellant<br><br>   v.<br><br>DISTRICT OF COLUMBIA<br><br>   Appellee | Case No. 25-CV-0047<br>2020-cv-1596 B |

**ORDER**

UPON CONSIDERATION of Plaintiffs' Motion titled: OPPOSED MOTION OF APPELLANTS TO STAY PROCEEDINGS AND JUDGMENT ORDERS BASED ON FIRST AMENDMENT CONSTITUTIONAL CHALLENGES IN D.C. FEDERAL COURT TO D.C. COMSUMER PROTECTION LAWS ("Motion"), and for good cause shown, it is on this _____ day of _____ 2025

5

**ORDERED,** that Plaintiffs Motion shall be, and is hereby, **GRANTED;** and it is further

**ORDERED**, that the enforcement of all judgments noted in Appellants Motion are stayed pending the resolution of case # 24-cv-03247 in the District Court for the District of Columbia.

**ORDERED**, that the Motion is hereby deemed filed as of the date of this Order.

_____
District of Columbia Court of Appeals Judge

## CERTIFICATE OF SERVICE

      I certify that I have this 29th day of January 28, 2025, served the attached **OPPOSED MOTION OF APPELLANTS TO STAY PROCEEDINGS AND JUDGMENT ORDERS BASED ON FIRST AMENDMENT CONSTITUTIONAL CHALLENGES IN D.C. FEDERAL COURT TO D.C. COMSUMER PROTECTION LAWS** on the Appellee District of Columbia via the electronic filing system approved by the Court and on the following parties via electronic mail:

Anne K. Howard, Esq.
Budow and Noble, P.C.
12300 Twinbrook Parkway, Suite 540
Rockville, MD 20852
T 301-654-0896 | F 301-907-9591
ahoward@budownoble.com
*Attorney for Kenneth Vogel*

Charles D. Tobin, Esq.
Ballard Spahr
1909 K Street NW, 12th Floor
Washington D.C. 20006-1157
T 202-661-2218  F 202-661-2299
tobinc@ballardspahr.com
*Attorney for American University and Natalie Delgadillo, individually*

George Gasper, Esq.
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
T 317-236-2275   F 317-236-2219
George.Gasper@icemiller.com
*Attorney for ANGI, Inc.*

Lauren Russell, Esq.
Ballard Spahr
1909 K Street NW, 12th Floor
Washington D.C. 20006-1157
T 202-661-7605  F 202-661-2299
russelll@ballardspahr.com
*Attorney for American University and Natalie Delgadillo, individually*

Timothy D. Belevetz, Esq.
Ice Miller LLP
200 Massachusetts Avenue N.W.
Suite 400
Washington D.C. 20001
T 202-572-1605  C 703-232-6403
Timothy.belevetz@icemiller.com
*Attorney for ANGI, Inc.*

      */s/ Edward W. Lyle*
      Edward W. Lyle