IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SIEBER, et al., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Case No.:   24-CV-03247 (ACR) |

**DEFENDANT KENNETH VOGEL'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW the Defendant, Kenneth Vogel, by and through his attorneys, Budow and Noble, P.C., David L. DeWitt, Jr., Esquire, Anne K. Howard, Esquire, and Walter E. Gillcrist, Jr., Esquire, and hereby opposes Plaintiffs' Motion for Leave to File Second Amended Complaint:

**I.   BACKGROUND**

Kenneth Vogel adopts and incorporates the factual recitation and legal arguments made by Defendants American University and Natalie Delgadillo in their Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF 44). Mr. Vogel adds additional legal argument below specifically concerning the bad faith and unmeritorious nature of the proposed amendment.

**II.   LEGAL ARGUMENT**

At its core, the Plaintiffs' lawsuit is a quixotic effort to have this Court overrule the many decisions of the D.C. Superior Court which ultimately ended with multi-million dollar judgments being entered against Plaintiffs. The current Motion for Leave to Amend should be denied.

1. <u>The Motion is made in bad faith and should be denied.</u>

This recent Motion to Amend is simply an effort to keep this litigation alive so that the enforcement of those Superior Court judgments is delayed as long as possible. Indeed, the

1

Plaintiffs are already using this federal court litigation as grounds for staying the enforcement of the Superior Court judgments. (ECF 44-1). Specifically, on January 29, 2025, Plaintiffs filed a "Motion to Stay Proceedings and Judgment Orders Based on First Amendment Constitutional Challenges in D.C. Federal Court to D.C. Consumer Protection Laws" in the D.C. Court of Appeals where an appeal of the Superior Court judgments is currently pending. *Id.* That Motion seeks an Order from the D.C. Court of Appeals "that the enforcement of all judgments… are stayed pending the resolution of case # 24-cv-03247 in the District Court for the District of Columbia." *Id.*

"A party can show bad faith 'by delaying or disrupting the litigation or by hampering enforcement of a court order." *In re Deville*, 280 B.R. 483, 496 (9th Cir.BAP 2002) (citing *Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978); *In re Siberkaus*, 253 B.R. 890, 902-03 (Bankr. C.D. Cal. 2000) (A Central District of California bankruptcy court dismissed a chapter 11 bankruptcy as a bad faith filing when it determined that the debtor filed solely to obstruct a pending state court specific performance action). Plaintiffs' recent filing in the D.C. Court of Appeals lays bare their bad faith motive in this litigation.

Further, the Plaintiffs' history of vexatious litigation, as detailed by the AU Defendants in their Opposition (ECF 44 at pp. 6-9), is further reason to deny this Motion. *See Gianetti v. Blue Cross & Blue Shield of CT., Inc.*, 351 F.App'x 520, 522 (2nd Cir. 2009) (finding district court did not abuse discretion in denying leave to amend where pro se plaintiff's "long history of brining vexatious claims against former patients and insurance providers suggest[ed] the appearance of bad faith"); *Harvey v. Harvey*, 108 F.3d 329 (2nd Cir. 1997) ("[J]ustice does not require that an amendment be permitted here in light of [pro se plaintiff's] history of repeated institution of meritless charges in this and related litigation.") Accordingly, the Motion for Leave to File Second Amended Complaint should be denied as it is motived by bad faith.

2. <u>The Motion is futile and should be denied.</u>

The Motion should also be denied because the new relief sought fails as a matter of law. "Courts may deny a motion to amend a complaint as futile… if the proposed claim would not survive a motion to dismiss*." James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Max Impact. LLC v. Sherwood Grp., Inc.,* No. 09 Civ. 902(LMM)(HBP), 2012 WL 3831535, *4 (S.D.N.Y. Aug. 16, 2012) ("[I]n making futility determinations, the court must limit itself to the allegations in the complaint, as well as to any documents attached to the complaint as exhibits or incorporated by reference."). For the reasons already articulated in Defendant Vogel's Motion to Dismiss (ECF 15), the the Motion for Leave to File Second Amended Complaint should be denied.

## III. CONCLUSION

Based upon the foregoing facts and legal arguments, Defendant Vogel respectfully requests that this Honorable Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

   */s/ David L. DeWitt, Jr.*
David L. DeWitt, Jr., Esq., Bar No. 1685898
Anne K. Howard, Esq., Bar No. 415690
Walter E. Gillcrist, Jr., Esq., Bar No. 398328
12300 Twinbrook Parkway, Suite 540
Rockville, MD  20852
(301) 654-0896 / (301) 907-9591 (f)
ahoward@budownoble.com
ddewitt@budownoble.com
wgillcrist@budownoble.com
*Counsel for Kenneth Vogel*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 30th day of January 2025, I served a true copy of Defendant Kenneth Vogel's Opposition on all counsel of record and on pro se Plaintiff Sieber via the Court's CM/ECF system.

*/s/ David L. DeWitt, Jr.*
David L. DeWitt, Jr., Esq., Bar No. 1685898