UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SIEBER, et al.,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　　Defendants | Case No. 1:24-cv-03247<br>Honorable Anna C. Reyes<br>42 U.S.C. § 1983 |

### PLAINTIFFS' OPPOSITION TO THE SUPERIOR COURT DEFENDANTS' MOTION TO DISMISS

Plaintiffs Stephen Sieber and Derrick Sieber now file this opposition ("Opposition") to the March 10, 2025 Motion to Dismiss ("Motion" or "MTD") of Defendants Todd Edelman, Anita Josey-Herring, Milton Lee and Thomas Hedgepeth (collectively, "Superior Court Defendants").

### I.　Facts

On November 18, 2024, Plaintiffs filed their original Complaint in this matter, and on December 9, 2024, they filed a First Amended Complaint ("FAC") as a matter of right. Since the breadth of their complaint expanded in the following weeks, the, Plaintiffs held a meet and confer conference on January 13, 2025 with all counsel then of record, including counsel representing the Superior Court Defendants, regarding the Plaintiffs' filing of a motion for leave to file a Second Amended Complaint ("SAC"). The Superior Court Defendants did not object to such a filing, as was true for all other defendants then of record in this proceeding. Accordingly, Plaintiffs filed such a motion on January 20, 2025.

On February 4, 2025, the Court held an initial conference with the parties. After discussion, the Court, denied all motions previously filed, which included the Plaintiff's motion or leave to file a SAC. The Court gave no consideration to the Plaintiffs' SAC motion prior to denying all existing motions. The Court also

1

excluded further motions until some undetermined time in the future and ordered mediation of all issues. The Court did, however, allow counsel for the Superior Court Defendants to file a motion to dismiss those Defendants from this proceeding. Exhibit 1 (Hearing Transcript).

On March 10, 2025, counsel for the Superior Court Defendants filed such a motion under Rules 12(b)(1) and 12(b)(6) of this Court's Rules of Civil Procedure, and the Plaintiffs now respond to it.

## II.   Argument

It is well-established in federal caselaw that, absent circumstances not present here, plaintiffs are to be given an opportunity to amend a claim they have filed if it is challenged by a defendant's motion to dismiss under FRCP 12(b)(6). They are to be given that opportunity prior to any ruling on the MTD.

This axiom was first stated and explained as follows by the U.S. Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 329 (1989):

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. *Brandon v. District of Columbia Board of Parole*, 236 U.S. App. D. C. 155, 158, 734 F. 2d 56, 59 (1984), cert. denied, 469 U.S. 1127 (1985).

In the 36 years since *Neitzke*, this practice of allowing plaintiffs to seek to amend their complaints in response to Rule 12(b)(6) motions to dismiss, and to do so before those motions are ruled upon, has been widely cited and followed in the federal system. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3rd Cir. 2002); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 425 (2nd Cir. 2005); *Wyatt v. City of Boston*, 35 F.3d 13, 14 (1st Cir. 1994); *Lopez v. Smith*, 203 F.3d 1122, 1138 (9th Cir. 2000); *McKinney v. Oklahoma, Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991); *Jackson v. Beaumont Police Dep't*, 958 F.2d 616, 619 (5th Cir. 1992); *Gibbs v. Norman*, 898 F.2d 153 * 5 (6th Cir. 1990); *M.R. Pittman Grp., LLC v. United States*, 68 F.4th 1275, 1281 (Fed. Cir. 2023); *Health Cost Controls v. Skinner,* 44 F.3d 535, 538 (7th Cir. 1995); *Carney v. Houston,* 33 F.3d 893, 895 (8th Cir. 1994); *Woodroofe v. Fla. Dept. of Fin. Services,* 774 Fed. Appx. 553, 554 (11th Cir. 2019), *White v. White*, 886 F.2d 721, 726 (4th Cir. 1989).

The Court would violate this Supreme Court and other federal precedent if it now ruled on the Superior Court Defendants' MTD, or any other defendant's MTD, without first allowing the Plaintiffs an opportunity to file a proposed new Second Amended Complaint. Under this caselaw, the Court must first allow the Plaintiffs to file a motion for the acceptance of a SAC responding to the MTD, and then rule on that SAC motion, before ruling on any MTD filed by any defendant.

### III.   Conclusion

For the reasons set forth above, the Court should now hold in abeyance the MTD of the Superior Court Defendants until such time as it has permitted the Plaintiffs an opportunity to file a proposed Second Amended Complaint responding to the MTD of any defendant. The Court should then grant or deny the Plaintiffs' SAC motion before ruling on any MTD.

        Respectfully Submitted,

        /s/ *Stephen Sieber pro-se*
        Stephen C. Sieber
        1805 45th Street N.W.
        Washington D.C. 20007
        Email marcostevie@gmail.com
        Phone number 240 432-3265

        /s/ *Edward W. Lyle*
        Edward W. Lyle, D.C. Bar No. 25700
        1250 Connecticut Avenue, Suite 700
        Washington D.C. 20036 N.W.
        Tel:  (202) 333-4280
        Fax:  (202) 333-4282
        Email: ewlyle@west1805.com
        *Attorney for Plaintiff Derrick Sieber*

*March 24, 2025*