**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN SIEBER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 24-cv-03247 (ACR) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| *Defendants*. | |

**SUPERIOR COURT DEFENDANTS' REPLY**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

**INTRODUCTION**

On March 10, 2025, Defendants Chief Judge of the Superior Court for the District of Columbia (Superior Court) Milton Lee Jr., former Chief Judge of the Superior Court Anita Josey-Herring, Associate Judge for the Superior Court Todd Edelman, Associate Judge for the Superior Court Juliet McKenna, and Chief Security Officer for the Superior Court Thomas Hedgepeth (Superior Court Defendants) moved to dismiss the First Amended Complaint against them for three reasons. *See* Superior Court Defs.' Mot. to Dismiss [61] (Mot. to Dismiss). First, Plaintiffs' claims against them are barred by judicial immunity. *Id*. at 7–12. Second, Plaintiffs fail to state a plausible claim for relief. *Id*. at 12–16. And finally, Plaintiffs fail to establish that the Court has subject matter jurisdiction over any other conceivable claims Plaintiffs raise. *Id.* at 16–19.

In opposition, Plaintiffs do not attempt to rebut the substance of the Superior Court Defendants' motion, but instead they argue that the Court should permit Plaintiffs to file a

Second Amended Complaint before ruling on any motion to dismiss.[1]  Pls' Opp'n to the Superior

Court Defendants' Mot. to Dismiss [64] (Opp'n) at 2–3.  Plaintiff's meager response, which

wholly fails to explain how any amendment would overcome the Superior Court Defendants'

arguments, is not a motion to amend, and no motion to amend is pending.  The Court should not

*sua sponte* permit Plaintiffs leave to file a Second Amended Complaint.  Instead, the Court

should grant the Superior Court Defendants' motion to dismiss.

## ARGUMENT

Plaintiffs do not respond to the substance of the Superior Court Defendants' motion to

dismiss, but rather, the entirety of Plaintiffs' Opposition asserts that they should be permitted to

amend their complaint.  *See* Opp'n at 2–3.  The Court should not *sua sponte* permit them leave to

file a Second Amended Complaint.

Fed. R. Civ. P. 15 provides that, here, Plaintiffs "may amend [their] pleading only with

the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs

have not sought, much less obtained, the Superior Court Defendants' consent to file another

motion for leave to file a Second Amended Complaint.  They also have not moved for leave of

the Court to file a Second Amended Complaint, *see generally* Docket, nor have they complied

with any requirements associated with moving for leave to file such a motion.  *See* Fed. R. Civ.

P. 7(b)(1) ("A request for a court order must be made by motion.  The motion must be in writing .

. . ; state with particularity the grounds for seeking the order; and state the relief sought."); LCvR

7(i) (requiring party moving for leave to amend a pleading to file the proposed pleading); LCvR

7(m) (requiring movant to confer with opponent before filing nondispositive motion); LCvR 15.1

---

[1]      In their Opposition, Plaintiffs do not include Judge McKenna as a Superior Court
Defendant, *see* Opp'n at 1, but Plaintiffs have not dismissed Judge McKenna from this case.  *See*
Mot. to Dismiss at 1 n.1.

(requiring a motion for leave to file an amended pleading to attach a copy of the pleading as amended); Standing Order [16] § 7.h (requiring counsel to confer before filing nondispositive motion); Standing Order § 7.i (requiring party moving to amend pleadings to file a redline comparing original and proposed amended pleading).

Plaintiffs have only mentioned in their Opposition that they should be permitted to move to file an amended pleading, *see* Opp'n at 3, but a "bare request in an opposition to a motion to dismiss . . . does not constitute a motion within the contemplation of Rule 15(a)." *Li v. Li*, No. 23-7052, 2024 WL 4601521, at 2 (D.C. Cir. Oct. 29, 2024) (ellipses in original) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)). Instead, to amend a pleading, "a plaintiff is required to *move* to amend." *Martinez v. Constellis/Triple Canopy*, No. 21-7046, 2022 WL 2281897, at *3 (D.C. Cir. Jun. 24, 2022) (emphasis added) (citing *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 150 (D.C. Cir. 1994) (internal quotation marks omitted) ("The normal procedure for requesting an amendment to the complaint in federal court is to file a Fed. R. Civ. P. 15 motion to amend together with the proposed amendment or new pleading.")). Plaintiffs have not made such a motion in this case.[2] And the Court "ha[s] no duty to act *sua sponte* and give [Plaintiffs] another opportunity to amend the complaint." *See Martinez*, 2022 WL 2281897, at *3; *see Confederate Memorial Ass'n, Inc.*, 995 F.2d at 299 ("As [plaintiffs] did not properly request leave to amend . . . , it could hardly have been an abuse of discretion for the District Court not to have afforded them such leave *sua sponte*.").

---

[2]     Plaintiffs claim, without citation, that, at the February 4, 2025 hearing, the Court "excluded further motions [except the Superior Court Defendants' motion to dismiss] until some undetermined time in the future[.]" Pls.' Opp'n at 1–2. The docket, however, makes clear that Parties may file motions upon receiving leave of the Court. *See* Feb. 4, 2025 Minute Order ("[Except for the Superior Court Defendants who may file a motion to dismiss,] [a]ll other parties are forbidden from filing any further motions without leave of the Court.").

Even if Plaintiffs' opposition were a request for relief appropriately pending before this Court, the Court should not give Plaintiffs another opportunity to amend. Plaintiffs fail to identify what their "proposed new Second Amended Complaint" would allege, *see* Opp'n at 3, or how it would be different than the three complaints that Plaintiffs previously presented to this Court—each of which rehashes the same alleged facts and claims against the Superior Court Defendants, and each of which is or would have been subject to dismissal on the grounds identified in the Superior Court Defendants' Motion to Dismiss. *See generally* Mot. to Dismiss. *Compare* First Am. Compl. (FAC) ¶¶ 138–398, 410–426, 430–436 (alleging facts about decisions taken during litigation in Superior Court and about alleged jury tampering during deliberations and requests for security footage and claiming constitutional violations and conspiracy), *with* Compl. ¶¶ 136–331, 366–410 (same), *and with* Second Am. Compl. (SAC) ¶¶ 137–332, 351–378 (same). Justice does not require the Court to act on a mere mention of potential amendment, devoid of any explanation as to what the amendment would be. *See Jones v. Granholm*, No. 20-cv-472 (CKK), 2021 WL 2530677, at 17 (D.D.C. Jun. 21, 2021) (denying motion for leave to amend pleading "[g]iven the lack of clarity regarding [p]laintiff's request for an amendment"); *cf.* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires.").

Nor is a court required to grant an amendment if doing so would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). And given Plaintiffs' fixation on the facts related to the Superior Court Defendants, future amendment is likely to be futile. *Compare* FAC ¶¶ 138–398, 410–426, 430–436 (alleging facts about decisions taken during litigation in Superior Court and about alleged jury tampering during deliberations and requests for security footage and claiming constitutional violations and conspiracy), *with* Compl. ¶¶ 136–331, 366–410 (same), *and with*

SAC ¶¶ 137–332, 351–378 (same).  Moreover, here, these defendants are entitled to judicial immunity, which should be resolved "at the earliest possible stage in litigation."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted).  And so, for the Court to "hold in abeyance the MTD of the Superior Court Defendants until such time as it has permitted Plaintiffs an opportunity to file a proposed Second Amended Complaint responding to the MTD of any defendant," Opp'n at 3, despite Plaintiffs' ability to seek leave of Court to file any appropriate motion, *see* Reply at 3 n.2, Plaintiffs invite delay and undue prejudice.  The Court should not permit Plaintiffs to drag out the inevitable outcome—dismissal of the Superior Court Defendants—by permitting further amendment of Plaintiffs' complaint.  *See Foman*, 371 U.S. at 182 (denying leave to amend appropriate for reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"); *see also Howard v. U.S. District Court for Southern District of Ohio*, No. 09-5139, 2009 WL 2981979, at 1 (D.C. Cir. Jul. 10, 2009) (affirming denial of amendment of complaint where amendment would be futile because proposed amendments would be barred by judicial immunity).

Finally, for the reasons stated in the Superior Court Defendants' motion to dismiss, *see* Mot. to Dismiss 7–19, and because, by failing to respond to the Superior Court Defendants' arguments, Plaintiffs have conceded them, *see Yazdanpanahderav v. United States Dep't of State*, No. 23-cv-3688 (ACR), 2024 WL 3010874, at 3 (D.D.C. Jun. 14, 2024), the Court should grant the Superior Court Defendants' motion.

**CONCLUSION**

For these reasons, the Court should grant the Superior Court Defendants' motion and dismiss the claims against them.

Date:  March 31, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Chad Copeland*
CHAD COPELAND [982119]
Deputy Attorney General
Civil Litigation Division

*/s/ Blair L. Gilbert*
BLAIR L. GILBERT [155801]
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 805-7636
blair.gilbert@dc.gov

*Counsel for Judges Milton Lee Jr., Anita Josey-Herring, Todd Edelman, and Juliet McKenna, and Thomas Hedgepeth*