UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

STEPHEN SIEBER, et al.,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al.,

    Defendants

No. 1:24-cv-3247-ACR

## ANGI INC.'S NOTICE OF ANTICIPATED MOTION TO DISMISS

Defendant ANGI Inc. ("ANGI") respectfully notifies the Court of its intent to move to dismiss the claims against it in the Amended Complaint.[1] The plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and *res judicata*. Separately, plaintiffs fail to state a claim against ANGI because the state actor doctrine bars constitutional claims brought under 42 U.S.C. § 1983 against private actors. Taken as true, the plaintiffs' allegations do not plead factual material sufficient to state a claim, so ANGI is prepared to move to dismiss all claims. *See Norouzi v. U.S. Dep't of State*, No. 1:24-cv-1282, 2025 WL 721767, at *2 (D.D.C. Mar. 6, 2025) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff Stephen Sieber first sued Angie's List, an ANGI affiliate, along with the Washington Post and others over 15 years ago. *See Sieber v. Brownstone Publishing Co.*, No. 2007-CA-2549, 2009 D.C. Super. LEXIS 10, at *1–2 (D.C. Super. Ct. Dec. 23, 2009). After the court entered summary judgment in favor of Angie's List and other defendants, *id.* at *77–78,

---

[1] Because the allegations and claims against all defendants are significantly intertwined, *see, e.g.*, Dkt. 6 ¶ 436, ANGI submits this notice in advance of the pre-motion conference previously scheduled for October 15 and to be rescheduled following the resumption of federal government operations. Should the Court permit motions according to its February 4, 2025 order, ANGI intends to advance its arguments in support of dismissal, including those outlined in this notice.

Sieber filed a new case alleging a conspiracy among the defendants and others, including their counsel and the District of Columbia. That second case was also dismissed and ultimately affirmed by the Fourth Circuit. *See Sieber v. Washington Post Companies*, No. 11-00113, 2011 Bankr. LEXIS 2689, at *1–2 (Bankr. D. Md. April 28, 2011), *aff'd*, 2011 WL 2693526 (D. Md. July 8, 2011); 448 Fed. Appx. 405 (4th Cir. Oct. 4, 2011).

About eight years later, Sieber, along with his son, Derrick Sieber, and Derrick Sieber's company, Precision Contracting Solutions, the same plaintiffs in this case, sued Angie's List's affiliate HomeAdvisor and others, including some of the defendants in this case. Those claims against HomeAdvisor were also dismissed by both the District Court and the D.C. Superior Court. *See Precision Contracting Solutions, LP v. ANGI Homeservices, Inc.*, 415 F. Supp. 3d 113, 115 (D.D.C. 2019); *Sieber v. Vogel*, Nos. 2019-CA-005047-B, 2020-CA-001596-B, 2020 WL 8028668, at *13–17, *20 (D.C. Super. Ct.) (June 25, 2020) (dismissing claims against ANGI in the consolidated cases), *appeal dismissed*, No. 25-CV-0047 (D.C. May 20, 2025).

Plaintiffs now seek to re-litigate claims and allegations courts repeatedly have rejected with prejudice. Claims 1 through 5 allege that certain District of Columbia laws are facially unconstitutional and violate plaintiffs' First, Fifth, Seventh, and 14th Amendment rights. Dkt. 6 ¶¶ 363–94, 430–435. Claims 6 and 7 and 11 through 13 explicitly ask this Court to review decisions of the Superior Court. ¶¶ 395–98, 410–29. Claims 8 and 9 allege constitutional violations occurred when other defendants published news pieces relating information about then-ongoing lawsuits in the Superior Court. ¶¶ 399–406. Claim 10 alleges that defendants violated plaintiffs' rights by removing profiles from the ANGI and HomeAdvisor websites. ¶¶ 407–09.

*First*, "[t]he *Rooker-Feldman* abstention doctrine 'bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" *McDaniel v. North Carolina*, No. 1:24-cv-2816, 2024 WL 4903772, at *2 (D.D.C. Nov. 27, 2024) (quoting *District of Columbia v. Feldman*, 460 U.S. 462, 486 (1983)).  District courts are also not permitted to revisit "the decisions of other federal courts." *Id.* (citing *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011)).  Plaintiffs' claims that seek review of the Superior Court are unquestionably barred.  And because all the allegations and defendants are "inextricably intertwined," all claims are barred.  *See Feldman*, 460 U.S. at 486; Dkt 6 ¶ 436.

*Second*, the doctrine of *res judicata* prohibits successive suits "involving identical parties or their privies based on the same cause of action" following a judgment on the merits.  *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004).  The doctrine also applies when plaintiffs seek to advance new legal theories they could have raised before.  *Id.* at 218.  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002).  *Res judicata* applies because plaintiffs bring claims revolving around the same nucleus of facts they have unsuccessfully litigated on the merits against ANGI for more than 15 years.  Those claims are impermissible and should be dismissed.

*Third*, "[t]o state a claim under § 1983, a plaintiff must plead facts sufficient to establish (1) 'the violation of a right secured by the Constitution and the laws of the United States' and (2) 'that the alleged deprivation was committed by a person acting under color of state law.'" *Wells v. Hense*, 235 F. Supp. 3d 1, 10 (D.D.C. 2017) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Under the state actor doctrine, "a private entity may be considered a state actor when it

3

exercises a function 'traditionally exclusively reserved to the State." *Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 804, (2019) (citation omitted).  But plaintiffs must satisfy the state actor doctrine to state a § 1983 claim.  *Wells*, 235 F. Supp. 3d at 10.  Here, ANGI is a private, non-governmental actor.  Dkt. 6 ¶ 21.  Plaintiffs allege that ANGI assisted the District of Columbia's Attorney General in a consumer protection investigation.  ¶¶ 118–20.  But the allegations, taken as true, do not plausibly amount to an assignment of traditional government functions to ANGI.  ¶¶ 116–26.  Because ANGI is not a state actor, all the plaintiffs' § 1983 constitutional claims should be dismissed.

For these reasons, ANGI is prepared to file a motion to dismiss should the Court permit dispositive motions from the parties.

Dated: October 11, 2025

Respectfully submitted,

ICE MILLER LLP

*/s/ Timothy D. Belevetz*
Timothy D. Belevetz (DC Bar No. 442435)
Ice Miller LLP
200 Massachusetts Avenue, N.W., Suite 400
Washington, DC  20001
(202) 572-1605
timothy.belevetz@icemiller.com

George Gasper (admitted *pro hac vice*)
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN  46282
(317) 236-2275
george.gasper@icemiller.com

*Counsel for Defendant, ANGI Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October 2025, I caused true and correct copies of the foregoing to be served on all counsel of record and on *pro se* plaintiff Stephen Sieber via the Court's CM/ECF system.

/s/ *Timothy D. Belevetz*
Timothy D. Belevetz
Ice Miller LLP
200 Massachusetts Avenue, N.W., Suite 400
Washington, DC  20001
(202) 572-1605
timothy.belevetz@icemiller.com