## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHEN SIEBER, et al.,

      Plaintiffs

  v.

DISTRICT OF COLUMBIA, et al.,

    Defendants

Case No. 1:24-cv-03247
Honorable Anna C. Reyes
42 U.S C. § 1983

### PLAINTIFFS' RESPONSE TO THE NOTICE OF ANGI, INC. AND ANY OTHER DEFENDANT SEEKING A PRE-MOTION CONFERENCE BASED ON FEDERAL RULE 12(b)(6)

Plaintiffs now respond to the October 10, 2025 notice ("Notice") of ANGI, Inc. ("ANGI") and others regarding a contemplated motion to dismiss ("MTD") under Federal Rule 12(b)(6).

The Plaintiffs submit that this is not the time for the Court to consider the arguments to dismiss that would be made by ANGI or any other defendant who has based such a notice on Fed. Rule 12(b)(6).   The Court should not do so unless and until the Plaintiffs have had an opportunity to file a Second Amended Complaint ("SAC") that takes into account all Civ. Rule 12(b)(6) arguments that defendants have submitted in those notices.

It is well-established in federal caselaw that, absent circumstances not present here, plaintiffs are to be given an opportunity to amend a claim they have filed if it is challenged by a defendant's motion to dismiss under FRCP 12(b)(6).  They are to be given that opportunity prior to any ruling on the MTD.  This axiom was first stated and explained as follows by the U.S. Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 329 (1989):

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded

notice of a pending motion to dismiss for failure to state a claim and an oppor-

tunity to amend the complaint before the motion is ruled upon. These procedures

alert him to the legal theory underlying the defendant's challenge, and enable

him meaningfully to respond by opposing the motion to dismiss on legal grounds

or by clarifying his factual allegations so as to conform with the requirements of

a valid legal cause of action. This adversarial process also crystallizes the perti-

nent issues and facilitates appellate review of a trial court dismissal by creating

a more complete record of the case. *Brandon v. District of Columbia Board of*

*Parole*, 236 U.S. App. D. C. 155, 158, 734 F. 2d 56, 59 (1984), cert. denied,

469 U.S. 1127 (1985)."

In the 36 years since *Neitzke*, this practice of allowing plaintiffs to seek to amend their

complaints in response to Rule 12(b)(6) motions to dismiss, and to do so before those motions

are ruled upon, has been widely cited and followed in the federal system.  *Grayson v. Mayview

State Hosp.*, 293 F.3d 103, 110 (3rd Cir. 2002); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx.

420, 425 (2nd Cir. 2005); *Wyatt v. City of Boston*, 35 F.3d 13, 14 (1st Cir. 1994); *Lopez v. Smith*,

203 F.3d 1122, 1138 (9th Cir. 2000); *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d

363, 365 (10th Cir. 1991); *Jackson v. Beaumont Police Dep't*, 958 F.2d 616, 619 (5th Cir. 1992);

Gibbs v. Norman, 898 F.2d 153 * 5 (6th Cir. 1990); *M.R. Pittman Grp., LLC v. United States*, 68

F.4th 1275, 1281 (Fed. Cir. 2023);  *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 (7th Cir.

1995); *Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994); *Woodroofe v. Fla. Dept. of Fin.

Services*, 774 Fed. Appx. 553, 554 (11th Cir. 2019), *White v. White*, 886 F.2d 721, 726 (4th Cir.

1989).

This Court would violate this Supreme Court and other federal precedent if it now ruled on ANGI's MTD, or any other defendant's MTD based on Civ. Rule 12(b)(6), without first allowing the Plaintiffs an opportunity to file a proposed SAC.  Under this caselaw, the Court must first allow the Plaintiffs to file a motion for the acceptance of a SAC, and then rule on that SAC motion, before ruling on any Rule 12(b)6) MTD filed by any defendant.

As a matter of judicial efficiency as well as caselaw, allowing the Plaintiffs to file a SAC prior to any motions to dismiss may reduce or eliminate the need for such motions.  If the Plaintiffs believe that any argument that has been made in the notices to date has merit, the Plaintiffs will respond in their SAC accordingly.

Respectfully Submitted

*/s/Stephen Sieber pro-se*
1805 45th Street N.W.
Washington D.C. 20007
Email marcostevie@gmail.com
Phone number 240 432-3265

*/s/ Edward W. Lyle,*
Edwad W. Lyle, D.C. Bar No. 25700
1250 Connecticut Avenue, Suite 700
Washington D.C. 20036-2657
Tel: (202) 333-4280
Fax (202) 333-4282
Email *ewlyle@west1805.com*
*Attorney for Derrick Sieber*

October 16, 2025