UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SIEBER, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants*. | Case No. 1:24-cv-3247 (ACR) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss by Defendants Chief Judge of the Superior Court of the District of Columbia Milton Lee Jr., former Chief Judge Anita Josey-Herring, Associate Judges Todd Edelman and Juliet McKenna, and Chief Security Officer Thomas Hedgepeth. Dkt. 61. For the reasons explained below, the Court **GRANTS** the Motion.

### I.   BACKGROUND

This dispute stems from a consumer protection lawsuit in the Superior Court for the District of Columbia. *See District of Columbia v. Precision Contracting Sols., LP*, 2019-CA-5047-B (D.C. Super. Ct.). In that case, the D.C. Office of the Attorney General (OAG) sued Stephen Sieber, Derrick Sieber, and the Sieber's home contracting company, Precision Contracting Solutions (PCS), for unlawful business practices in violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code § 28-3904. Dkt. 6-1 at 1, 4. The case went to trial in May 2024, and the jury returned a verdict for the District.

Unhappy with this outcome, Plaintiffs Stephen Sieber, *pro se*, and his son Derrick Sieber, represented by counsel, filed this separate action in federal court. Plaintiffs filed their original

complaint on November 18, 2024. Dkt. 1. On December 9, 2024, they filed their First Amended Complaint as a matter of right. Dkt. 6 (First Am. Compl. (FAC)). They assert constitutional claims under 42 U.S.C. § 1983 and a civil conspiracy claim against nineteen Defendants.

Defendants are grouped as follows: (1) Chief Judge of the Superior Court of the District of Columbia Milton Lee Jr., former Chief Judge Anita Josey-Herring, Associate Judges Todd Edelman and Juliet McKenna, and Chief Security Officer Thomas Hedgepeth (collectively, Superior Court Defendants); (2) the District of Columbia, Attorney General Brian Schwalb, former Attorney General Karl Racine, Timothy Shirey, Jennifer Jones, Adam Teitelbaum, Kevin Vermillion, Lindsay Marks, and Margaret Ulle (collectively, District Defendants); and (3) Kevin Spencer, Kenneth Vogel, ANGI Inc., American University, and Natalie Delgadillo.[1] *Id.* ¶¶ 3–22.

Plaintiffs allege that Defendants conspired to violate their constitutional rights before, during, and after the Superior Court jury trial. *See generally id*. In claims one through five they allege that several provisions of the CPPA are facially unconstitutional. *Id.* ¶¶ 363–94. In claims six and seven they allege that the jury instructions and verdict form are unconstitutional. *Id.* ¶¶ 395–98. In claims eight and nine they allege that Defendants' statements in press releases published during the Superior Court proceedings are unconstitutional. *Id.* ¶¶ 399–406. In claim ten, Plaintiffs allege that Defendants violated their First Amendment rights by removing PCS's profile from the ANGI and HomeAdvisor websites. *Id.* ¶¶ 407–09. In claims eleven and fourteen they allege that Defendants denied their rights to due process and a fair jury trial. *Id.* ¶¶ 410–18, 430–36. Finally, in claims twelve and thirteen Plaintiffs allege Fourth and Eighth

---

[1] Plaintiffs voluntarily dismissed Defendants American University and Natalie Delgadillo on July 7, 2025. Dkt. 70.

2

Amendment violations that occurred during OAG's initial investigation and Superior Court proceedings.  *Id.* ¶¶ 419–29.

Superior Court Defendants moved to dismiss Plaintiffs' First Amended Complaint.  Dkt. 61.  They argue that Plaintiffs' claims against them are barred by judicial immunity, that Plaintiffs fail to state a plausible claim for relief, and that Plaintiffs fail to establish subject matter jurisdiction.  In their response, Plaintiffs do not attempt to rebut the substance of Defendants' Motion.  Instead, they request leave to file a second amended complaint.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must "contain sufficient factual matter" to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  The complaint need not contain "detailed factual allegations," but requires more than "[t]hreadbare recitals of the elements of a cause of action."  *Id.*  The court accepts the "factual allegations as true and construe[s] the complaint liberally" in the light most favorable to the plaintiff.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (cleaned up).  Although courts construe *pro se* filings liberally, *see Erickson v. Pardu*s, 551 U.S. 89, 93 (2007), a *pro se* plaintiff must plead enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678; *see Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

## III.   ANALYSIS

Each claim Plaintiffs assert against Superior Court Defendants arises from the rulings and decisions Defendants made during Superior Court proceedings.

The law is settled: "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This immunity applies even when a judge errs, acts maliciously, or exceeds their authority. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). It also extends to "auxiliary court personnel" who perform acts "that are basic and integral part[s] of the judicial function." *Sindram*, 986 F.2d at 1461.

Plaintiffs' claims target conduct that falls squarely within these protections. They fault Judges McKenna and Edelman for striking exhibits, FAC ¶ 138, quashing subpoenas, *id.* ¶ 143, limiting testimony, *id.* ¶ 144, imposing sanctions, *id.* ¶¶ 152–55, and issuing other adverse rulings, *id.* ¶¶ 170–72. Plaintiffs also challenge Judge Edelman's courtroom management and allege that he engaged in ex-parte communications with a U.S. Marshal, *id.* ¶¶ 295–96, denied a request for an evidentiary hearing on these communications, *id.* ¶¶ 328–29, permitted Deputy U.S. Marshals to enter the jury deliberation area without Plaintiffs' knowledge, *id.* ¶¶ 302, 319, and exercised control over the jury-instruction process and verdict form in ways with which Plaintiffs disagreed, *id.* ¶¶ 179, 208–09, 212, 228.

Plaintiffs also take issue with how Superior Court Defendants handled their requests for audio and video recordings. They allege that former Chief Judge Josey-Herring provided partial audio recordings and no video, *id.* ¶¶ 348–51, that Chief Judge Lee failed to respond to all their requests for additional recordings, *id.* ¶ 359, and that Chief Security Officer Hedgepeth declined to produce security video and audio tapes, *id.* ¶¶ 353–56.

Notably, Plaintiffs do not allege that any Superior Court Defendant acted without jurisdiction. Rather, they challenge *how* Defendants exercised their authority during these

proceedings. But "[t]he well-established remedy for alleged mishandling of a prior case is not a[n] . . . action against the judge, who enjoys absolute immunity, but an appeal or appeals in the prior case." *Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014) (cleaned up). Because Plaintiffs challenge judicial acts or functions integral to the judicial process, their claims against Superior Court Defendants are barred by judicial immunity.[2]

Plaintiffs did not respond to Superior Court Defendants' arguments. Their failure to do so is dispositive. "If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." *Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002); *see Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014). At the last hearing, the Court instructed counsel for Derrick Sieber to cite case law if he believed judges "may face liability for actions taken from the bench." Tr. (Feb. 4, 2025) at 20. Plaintiffs declined that invitation. And since Plaintiffs made no attempt rebut any of Defendants' other claims, the Court finds that Plaintiffs conceded the arguments against them.

Attempting to avoid dismissal, Plaintiffs request leave to file a second amended complaint. Their efforts are unavailing. As Defendants correctly note, Plaintiffs' request is procedurally improper and any amendment would be futile. Dkt. 65 at 2–4. Federal Rule of Civil Procedure 15(a) requires courts to grant leave to amend "when justice so requires." But

---

[2] Defendants also argue that Plaintiffs' FAC is insufficiently plead, Dkt. 61-1 at 12, that Plaintiffs lack standing to bring their claims, *id.* at 16, and that the *Rooker-Feldman* doctrine bars Plaintiffs from relitigating Superior Court decisions before this Court, *id.* at 22. The Court agrees. Even if Plaintiffs had sufficiently plead their claims, and had standing to sue, the Court would lack subject matter jurisdiction because the *Rooker-Feldman* doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (cleaned up).

courts may deny leave when a party unduly delays proceedings, acts in bad faith, prejudices the opposing party, repeatedly fails to cure defects, or proposes an amendment that would be futile. *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999).  An amendment is futile if "the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012).

Plaintiffs' request fails for several reasons.  First, they have not properly moved to amend their complaint.  Their "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (cleaned up).  Second, Plaintiffs did not comply with the Court's Standing Order and this District's Local Rules.  *See* Standing Order 7(i); LCvR 7(i).  They did not attach a proposed amended complaint, did not identify new facts, did not describe new claims, and offer nothing to suggest that a second amendment would differ in any meaningful way from their prior complaints.[3]  Finally, even if Plaintiffs had filed a proper motion before the Court, an amendment would be futile because Superior Court Defendants are entitled to judicial immunity.

---

[3] Plaintiffs followed these procedures in their previous request for leave to amend.  *See* Dkt. 27. It is unclear why they failed to do so here.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Superior Court Defendants' Motion to Dismiss.

**SO ORDERED.**

Date: February 24, 2026

                                                                                  _____

                                                                                  ANA C. REYES
                                                                                  United States District Judge