UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SIEBER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action No. 24-3247 (ACR) |

**MOTION TO DISMISS OF DEFENDANT**
**DEPUTY UNITED STATES MARSHAL KEVIN SPENCER**

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................ i

Table of Authorities ........................................................................................................... ii

summary of allegations ..................................................................................................... 1

Legal Standard .................................................................................................................. 2

    I.      Dismissal Pursuant to Rule 12(b)(1). ...................................................... 2

Argument ........................................................................................................................... 3

    I.      This Court Lacks Jurisdiction Over 12 U.S.C. § 1983 Claims Against Defendant. 3

    II.     Sovereign Immunity Bars Any Money Damages Claims Against the United States. ................................................................................................... 5

    III.    Plaintiffs Lack Standing to Pursue Claims Against Deputy Marshal Spencer. ...... 5

Conclusion ......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Butterfly Ass'n v. Wolf*,
977 F.3d 1244 (D.C. Cir. 2020)................................................................................. 3

*Am. Nat'l Ins. Co. v. FDIC*,
642 F.3d 1137 (D.C. Cir. 2011)................................................................................. 3

*Arpaio v. Obama*,
797 F.3d 11 (D.C. Cir. 2015)..................................................................................... 6

*Bond v. Dep't of Just.*,
828 F. Supp. 2d 60 (D.D.C. 2011).............................................................................. 2

*Brown v. FBI*,
793 F. Supp. 2d 368 (D.D.C. 2011)............................................................................ 6

*Coulibaly v. Kerry*,
213 F. Supp. 3d 93 (D.D.C. 2016).............................................................................. 3

*FDIC v. Meyer*,
510 U.S. 471 (1994)............................................................................................... 4, 5

*Goddard v. D.C. Redevelopment Land Agency*,
287 F.2d 343 (D.C. Cir. 1961)................................................................................... 3

*Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192 (D.C. Cir. 1992)................................................................................... 3

*Jackson v. Bush*,
448 F. Supp. 2d 198 (D.D.C. 2006)............................................................................ 3

*Johnson v. Gov't of District of Columbia*,
734 F.3d 1194 (D.C. Cir. 2013)................................................................................. 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)................................................................................................. 2

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)................................................................................................. 6

*Orff v. United States*,
545 U.S. 596 (2005)................................................................................................. 4

*Settles v. Parole Comm'n*,
429 F.3d 1098 (D.C. Cir. 2005)................................................................................. 5

*Shuler v. United States*,
531 F.3d 930 (D.C. Cir. 2008)................................................................................... 2

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)................................................................................................... 2

*Stoddard v. Wynn*,
68 F. Supp. 3d 104 (D.D.C. 2014).............................................................................. 4

*Thomas v. Principi*,
394 F.3d 970 (D.C. Cir. 2005)................................................................................... 3

*Tri-State Hosp. Supply Corp. v. United States*,
341 F.3d 571 (D.C. Cir. 2003)............................................................................... 3, 4

*United States v. Mitchell,*
   445 U.S. 535 (1980)..................................................................................................5
*United States v. Mitchell,*
   463 U.S. 206 (1983)..................................................................................................4
*United States v. Nordic Vill., Inc.,*
   503 U.S. 30 (1992)....................................................................................................4
*United States v. Testan,*
   424 U.S. 392 (1976)..................................................................................................5
*White v. United States,*
   791 F. Supp. 2d 156 (D.D.C.  2011)..........................................................................2
*Yee v. Jewell,*
   228 F. Supp. 3d 48 (D.D.C. 2017).............................................................................3

**Statutes**

12 U.S.C. § 1983..........................................................................................................i, 3
28 U.S.C. § 561(a) ..........................................................................................................4
42 U.S.C. § 1983..........................................................................................................1, 5

By and through the undersigned counsel, Defendant, Deputy United States Marshal Kevin Spencer ("Defendant"), who is sued in his official capacity, hereby moves to dismiss the Second Amended Complaint ("2d Am. Compl." or "Complaint," ECF No. 81). The Second Amended Complaint is subject to dismissal as to Defendant for several reasons. First, since Plaintiffs sue Deputy Marshal Spencer in his official capacity, the claims are against the United States of America and Plaintiffs have failed to identify a waiver of sovereign immunity for their claims. Second, the Court lacks jurisdiction over claims raised pursuant to 42 U.S.C. § 1983 because United States Marshals operate under federal law. Third, even if the Court had jurisdiction over Plaintiffs' claims they would still fail because Plaintiffs have not identified an injury that is fairly traceable to Deputy Marshal Spencer and therefore lack standing.

**SUMMARY OF ALLEGATIONS**

Plaintiffs, Stephen Sieber and Derrick Sieber (collectively "Plaintiffs") initiated this civil action on November 18, 2024. *See* Compl. (ECF No. 1). Plaintiffs filed an Amended Complaint on December 9, 2025. Am. Compl. (ECF No. 6). After a pre-motion hearing, Plaintiff was granted leave to file a second amended complaint. *See* Feb. 26, 2026 Min. Order. Plaintiffs sue myriad defendants pursuant to 42 U.S.C. § 1983, allegedly "to redress a coordinated and unlawful conspiracy by government officials and private actors, operating under color of law, that deprived Plaintiffs of rights secured by the First, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution." 2nd Am. Compl. at 3.[1] Plaintiffs allege that during their criminal jury trial before Superior Court Judge Todd E. Edelman, Plaintiff Stephen Sieber "witnessed Marshal Spencer, from the U.S. Marshal's Office, informing Judge Edelman's courtroom clerk, Mr.

---

[1]    Citations to the record refer to the pagination supplied by the Court's CM/ECF system at the top of each page

Dawayone Lee, that Deputy U.S. Marshals would be escorting jurors pursuant to orders from [Office of the Attorney General] a party in the case, and without notice to the Precision Parties, a hearing, or a court order." *Id*. ¶ 150.  Plaintiffs further allege that Marshal Spencer thereafter had an *ex parte* conversation with Judge Edelman.  *See id*. ¶ 152.  Plaintiffs allege that "[Assistant Attorney General] Schwalb and [the Attorney General] were a party in the [criminal] case and exceeded their authority, with Judge Edelman's consent, by ordering Marshal Kevin Spencer to have Deputy Marshals enter the jury deliberation area with the goal of informing jurors that [the Attorney General] would be escorting jurors from the courthouse to protect them from the Precision Parties, with the sole intent of prejudicing the jury and its verdict." *Id*. ¶ 347.  Plaintiffs purport to sue Deputy Marshal Spencer in his official capacity. *See id*. ¶ 22.

## LEGAL STANDARD

### I.     Dismissal Pursuant to Rule 12(b)(1).

Federal Rule of Civil Procedure ("Rule") 12(b)(1) addresses a court's subject matter jurisdiction to adjudicate a case.  "Because this inquiry deals with a court's power to hear a plaintiff's claim, a Rule 12(b)(1) motion imposes on the Court an affirmative obligation to ensure that it is acting within the scope of its authority." *Bond v. Dep't of Just.*, 828 F. Supp. 2d 60, 69 (D.D.C. 2011).  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction[.]" *Id*.  In response to a Rule 12(b)(1) motion, the plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the Court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). "[A] dismissal for want of subject-matter jurisdiction can only be without prejudice[.]" *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

The question of whether the United States has waived its sovereign immunity against suit is, in the first instance, a question of subject matter jurisdiction. *See Yee v. Jewell*, 228 F. Supp. 3d 48, 53 (D.D.C. 2017) (subject matter jurisdiction turns on whether "Congress waived the United States's immunity to suit"). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. "A plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)).

**ARGUMENT**

**I.    This Court Lacks Jurisdiction Over 12 U.S.C. § 1983 Claims Against Defendant.**

As a threshold matter, Plaintiff brings only constitutional tort claims against Deputy Marshal Spencer, who is sued exclusively in his official capacity, and all official capacity claims are in actuality claims against the United States. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies[.]"); *accord Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345-46 (D.C. Cir. 1961). Accordingly, all claims against Deputy Marshal Spencer

- 3 -

are claims against the United States, and Plaintiffs must identify a waiver of sovereign immunity to pursue such claims.  It is essential to consider whether the United States may be sued at all, as "the United States may not be sued without its consent and [ ] the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The doctrine of sovereign immunity provides that the Unites States can be sued only insofar as it has agreed to be sued; absent a waiver, sovereign immunity shields the federal government and its agencies from suit.  *See Stoddard v. Wynn*, 68 F. Supp. 3d 104, 112 (D.D.C. 2014); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The government's consent to be sued may not be implied; it must be "unequivocally expressed."  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). A waiver of immunity is strictly construed in favor of the sovereign.  *Orff v. United States*, 545 U.S. 596, 601–02 (2005).

Plaintiff bears the burden of establishing that sovereign immunity has been abrogated and "must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)). Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  42 U.S.C. § 1983.  Thus, an action under Section 1983 is only available against those acting under color of state law.  *Townsend v. United States*, 236 F. Supp. 3d 280, 325 (D.D.C. 2017).  Moreover, United States Marshals operate under the color of federal law.  *See* 28 U.S.C. § 561(a) ("United States Marshals Service as a bureau within the Department of Justice under the authority and direction of the Attorney General."); *see also Johnson v. Gov't of District of Columbia*, 734 F.3d 1194, 1200 (D.C. Cir. 2013) (declaring a

- 4 -

"Superior Court Marshal . . . was at all times a federal official acting under color of federal law . . . [.]"). As a result, Section 1983 does not provide the necessary waiver of the United States' sovereign immunity. *See Settles v. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) ("The United States and its agencies have not waived immunity under section 1983."). Because Section 1983 does not apply to federal officials acting under color of federal law and sovereign immunity blocks a Section 1983 claim against federal defendants, Plaintiff's claim under Section 1983 must be dismissed for lack of subject matter jurisdiction.

**II.      Sovereign Immunity Bars Any Money Damages Claims Against the United States.**

Plaintiffs list a litany of constitutional claims and seek punitive and compensatory damages, but this relief is unavailable against Deputy Marshal Spencer, as he is sued solely in his official capacity and the claim accordingly is in reality against the United States. *See* 2nd Am. Compl. at 67-69. Sovereign immunity bars constitutional claims for money damages against the United States. A party bringing a claim against the United States must identify not only the source of his substantive right but also a specific waiver of sovereign immunity that permits his claim to be heard. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Absent clear congressional consent to entertain a claim against the United States, a District Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399 (1976). No cause of action for damages for constitutional violations may be sustained against the United States. *Meyer*, 510 U.S. at 484-86. Thus, any constitutional tort claim against the Deputy Marshal Spencer that can be gleaned from Plaintiffs' Complaint is outside the Court's jurisdiction and should be dismissed under Rule 12(b)(1).

**III.     Plaintiffs Lack Standing to Pursue Claims Against Deputy Marshal Spencer.**

Even if Plaintiffs' claims were properly before this Court, Plaintiffs lack standing to pursue their claims against Deputy Marshal Spencer. The doctrine of standing requires a plaintiff to establish three elements: (1) a concrete and particularized injury-in-fact, either actual or imminent;

(2) a causal connection between the injury and defendants' challenged conduct, such that the injury is "fairly traceable to the challenged action of the defendant"; and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "The plaintiff bears the burden of invoking the court's subject matter jurisdiction, including establishing the elements of standing." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

Plaintiffs' alleged injuries are a deprivation of multiple constitutional rights in connection with their criminal trial. *See generally* 2nd Am. Compl. Plaintiffs, however, do not allege that Deputy Marshal Spencer violated their constitutional rights. Plaintiffs merely allege that Deputy Marshal Spencer informed Judge Edelman and his clerk of the Attorney General's request for juror protection, and that Deputy Marshal Spencer began to escort the jurors. Plaintiffs fail to allege an injury that is fairly traceable to Deputy Marshal Spencer, and any allegation that Deputy Marshal Spencer had prohibited contact with the jurors is too speculative to establish standing. Indeed, by Plaintiffs' own account Plaintiffs do not know what was said to the jurors. *See* 2nd Am. Compl. ¶ 167-171; *see also Brown v. FBI*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) ("nondescript and conclusory allegations of injury are not the type of general factual allegations from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized") (internal citation and quotations omitted). In sum, Plaintiffs lack standing because they have failed plausibly to show that Deputy Marshal Spencer was the cause of any injury alleged.

**CONCLUSION**

For these reasons, the Defendant respectfully request that all claims against Defendant Deputy Marshal Spencer be dismissed.

Dated: May 28, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Chief, Civil Division


By:　　　　　*/s/ Kimberly A. Stratton*
　　　　KIMBERLY A. STRATTON
　　　　PA Bar #327725
　　　　Assistant United States Attorney
　　　　601 D Street, NW
　　　　Washington, DC 20530
　　　　(202) 417-4216
　　　　kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

- 7 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN SIEBER, et al.,

      Plaintiffs,

  v.

DISTRICT OF COLUMBIA, et al.,

      Defendants.

Civil Action No. 24-3247 (ACR)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant United States Deputy Marshal Kevin Spencer's

motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that the United States is dismissed from this civil action.

SO ORDERED:


_____
Date

_____
Ana C. Reyes
United States District Judge