**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN SIEBER, et al.,<br>Plaintiff,<br>v.<br>DISTRICT OF COLUMBIA, et al.,<br>Defendants. | Case No.: 24-CV-03247 (ACR) |

**DEFENDANT, KENNETH VOGEL'S, REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

The Defendant, Kenneth Vogel, by and through his attorneys, Anne K. Howard, Walter E. Gillcrist, Jr., and David L. DeWitt, Jr., and Budow and Noble, P.C., pursuant to Federal Rules of Civil Procedure, 12(b)(1) and 12(b)(6), files this Reply in Support of Motion to Dismiss the Second Amended Complaint, for the reasons explained in the accompanying memorandum.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

*/s/ David L. DeWitt, Jr.*

David L. DeWitt, Jr., Esq., Bar No. 1685898
Anne K. Howard, Esq., Bar No. 415690
Walter E. Gillcrist, Jr., Esq., Bar No. 398328
12300 Twinbrook Parkway, Suite 540
Rockville, MD 20852
(301) 654-0896 / (301) 907-9591 (f)
ddewitt@budownoble.com
ahoward@budownoble.com
wgillcrist@budownoble.com
*Counsel for Kenneth Vogel*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 27th day of August 2026, I served a true copy of the foregoing, including all attachments, via Pacer to the following:

Edward W. Lyle, Esq.
Law Office of Edward W. Lyle
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
ewlyle@west1805.com
***Attorney for Plaintiffs, Derrick Sieber***

Stephen C. Sieber
1805 45th Street NW
Washington, DC 20007
***Plaintiff, Pro Se***

Blair L. Gilbert, Esq.
D.C. Office of the Attorney General
400 6th Street, NW
Washington, DC 20001
blair.gilbert@dc.gov
***Attorney for Defendant, Associate Judges J. McKenna, T. Edelman, Chief Judge A. Josey-Herring, Thomas Hedgepeth, and Milton Lee, Jr.***

Marcus Daniel Ireland, Esq.
Adam Daniel, Esq.
David R. Wasserstein, Esq.
Office of the Attorney General for The District of Columbia
400 Sixth Street NW, Suite 10100.085
Washington, DC 20001
marcus.ireland@dc.gov
***Attorney for Defendants, District of Columbia, Karl Racine, Brian Schwalb, Timothy Shirey, Jennifer Jones, Adam Teitelbaum, Kevin Vermillion, Lindsay Marks, and Margaret Ulle***

Kimberly Stratton, Esq.
Peter C. Pfaffenroth, Esq.
US Attorney's Office for DC
555 Fourth Street, NW
Washington, DC, 20530
Kimberly.stratton@usdoj.gov
Peter.pfaffenroth@usdoj.gov
***Attorneys for Def Spencer***

George A. Gasper, Esq.
Timothy D. Belevetz, Esq.
ICE MILLER LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606
George.gasper@icemiller.com
Timothy.belevetz@icemiller.com
Attorney for Def Angi, Inc.

*/s/ David L. DeWitt, Jr.*
David L. DeWitt, Jr., Esq., Bar No. 1685898

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN SIEBER, et al.,<br>Plaintiff,<br>v.<br>DISTRICT OF COLUMBIA, et al.,<br>Defendants. | Case No.: 1:24-cv-03247 (ACR) |

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1-2.

II. LEGAL ARGUMENT .......... 2-6.

III. CONCLUSION .......... 7.

**TABLE OF AUTHORITIES**

*Unfoldment, Inc. v. Dist. of Columbia*, No. 07-01717,
2007 WL 3125236, at *1-2 (D.D.C. Oct. 24, 2007) ..... 5

*Terrell v. Mr. Cooper Grp., Inc.*, No. 20-0495, 2020
WL 4673420, at *3 (D.D.C. Aug. 12, 2020) ..... 5

*Coll. Sports Council v. GAO*,
421 F.Supp.2d 59 (D.D.C. 2006) ..... 2

*Kingman Park Civic Association v. Gray*,
27 F.Supp.3d 142, (D.D.C. 2014) ..... 2

*Perkins v. Vance-Cooks*,
886 F.Supp.2d 22, (D.D.C. 2012) ..... 2

*T.M. v. District of Columbia*,
961 F.Supp.2d 169 (D.D.C. 2013) ..... 2-3.

*Ciralsky v. C.I.A.*,
355 F.3d 661 (D.C. Cir. 2004) ..... 3

*Vujin v. Galbut*,
836 Fed.Appx. 809 (11th Cir. 2020) ..... 3

*Jiggets v. District of Columbia*,
319 F.R.D. 408 (D.D.C. 2017) ..... 3-5

*Mills v. American University*, No. 22-1001
(CKK), 2022 WL 17719576, at *4 (D.D.C. Dec.
15, 2022) ..... 4.

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*,
328 F.3d 374 (7th Cir. 2003) ..... 4

*Brown v. Dalton*, No. 96-5285,
1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) ..... 4

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN SIEBER, et al.,<br>Plaintiff,<br>v.<br>DISTRICT OF COLUMBIA, et al.,<br>Defendants. | Case No.: 1:24-cv-03247 (ACR) |

**DEFENDANT KENNETH VOGEL'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Kenneth Vogel, by and through his attorneys, Budow and Noble, P.C., Anne K. Howard, Esquire, Walter E. Gillcrist, Jr., Esquire, and David L. DeWitt, Jr., Esquire, and files this reply in support of his motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 41(b), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56:

## I. INTRODUCTION

Plaintiffs' Opposition is largely a misguided exercise in supplementing and amending the Second Amended Complaint. First, Plaintiffs attempt to re-frame the constitutional bases for many of their § 1983 claims, realizing their deficient for one reason or another. *ECF 100* at p. 1. Secondly, while the Second Amended Complaint clearly alleges Count II and Count III against Mr. Vogel, the Opposition proceeds to make Mr. Vogel a defendant involved in all the counts in the operative complaint. The attempt to amend their pleading in this fashion is procedurally improper and impermissible. Further, even if the Court were to construe the Second Amended Complaint as suggested by the Plaintiffs, it would render it an impermissible shotgun pleading that should be dismissed.

On substance, there is no true rebuttal offered to the defenses of res judicata, the Rooker-Feldman doctrine, or Plaintiffs' failure to state a claim. For that reason, Mr. Vogel will rest on the arguments made in his opening brief. As for the statute of limitations, Plaintiffs misunderstand the law governing accrual for "stigma plus" claims, as detailed below.

## II. LEGAL ARGUMENT

1. Plaintiffs cannot amend their Complaint through an Opposition to Motion to Dismiss.

"[I]t us well settled law that a plaintiff cannot amend its complaint by the brieds in opposition to a motion to dismiss." *Kingman Park Civic Association v. Gray*, 27 F.Supp.3d 142, 165 n.10 (D.D.C. 2014); *see Perkins v. Vance-Cooks*, 886 F.Supp.2d 22, 29 n.5 (D.D.C. 2012) ("It is settled law in this circuit that a plaintiff may not raise new allegations in this manner."); *Coll. Sports Council v. GAO*, 421 F.Supp.2d 59, 71 n.16 (D.D.C. 2006) ("[T]he Court does not, and cannot, consider claims first raised in the plaintiff's opposition."). Plaintiffs can only amend the Complaint in accordance with Rule 15. Having failed to properly move for an amendment, the Court should not entertain Plaintiffs attempts to recast their legal theories, or add Mr. Vogel as a Defendant to new causes of action.

2. Construing the Complaint as suggested by Plaintiffs in their Opposition would render the Second Amended Complaint an impermissible shotgun pleading.

According to the headings and the substance of Plaintiffs causes of action, only Counts II and III are alleged against Mr. Vogel. Indeed, these are the only causes of action Mr. Vogel moved to dismiss. To construe this Second Amended Complaint in accordance with Plaintiffs' Opposition would render it an impermissible shotgun pleading that should be dismissed,

"Federal Rule of Civil Procedure 8(a) sets out a minimum standard for the sufficiency of complaints…." *T.M. v. District of Columbia*, 961 F.Supp.2d 169, 173 (D.D.C. 2013)

(citation and internal brackets omitted). Rule 8(a) requires the Complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires that the allegations within a pleading are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [these provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. C.I.A.,* 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citations omitted).

Rule 8 "is intended to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *T.M.*, 961 F.Supp.2d at 173-74 (internal citations omitted). "It also serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Id*. at 174. "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *Id*. Enforcing Rule 8 "is largely a matter for the trial court's discretion[.]" *Ciralsky,* 355 F.3d at 669. So-called "[s]hotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which an prejudice an opponent's case, especially before the jury, can be masked." *Vujin v. Galbut*, 836 Fed.Appx. 809, 814 (11th Cir. 2020).

"Rule 41(b) authorizes the court to dismiss a claim or an action because of the plaintiff's failure to comply with the Federal Rules or any order of the court[.]" *Ciralsky,* 355 F.3d at 669 (internal citations omitted); *Jiggets v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) ("And if a complaint fails to comport with the standards of Rule 8, the court may dismiss the

pleading or action."). "*Pro se* litigants are subject to the Rule 8 requirements." *Mills v. American University*, No. 22-1001 (CKK), 2022 WL 17719576, at *4 (D.D.C. Dec. 15, 2022).

Pleadings which fail to comply with Rule 8 have sometimes been referred to as "shotgun pleadings." *Jiggets*, supra, 319 F.R.D. at 417. "The essence of a shotgun pleading is that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Vujin v. Galbut*, 836 Fed.Appx. 809, 814 (11th Cir. 2020). The 11th Circuit has distilled four different ways that a complaint could be considered an impermissible "shotgun pleading":

> First: complaints that contain multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.
>
> Second: complaints that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.
>
> Third: complaints that do not separate each cause of action or claim for relief into separate counts.
>
> Fourth: complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 815 (internal citations and quotation marks omitted). A fifth manifestation of the "shotgun pleading" that courts have recognized is that "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003); *see Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (noting that when a complaint "contains numerous unnecessary averments and is so lengthy and confusing[,]" the defendant "cannot be expected to formulate a response that would apprise [the plaintiff] of the allegations in the complaint that stand admitted and will not be in issue at

trial and those that are contested and will require proof to be established" (internal quotation marks and citations omitted)).

Starting with the last variation of the shotgun pleading, at 71 pages and 371 paragraphs, the Second Amended Complaint is as long or longer than others that courts in this Circuit have dismissed. *See, e.g.*, *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-0495 (CKK), 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (finding pro se plaintiff's 90-page, 339-paragraph amended complaint to violate Rule 8); *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-01717 (HHK), 2007 WL 3125236, at *1-2 (D.D.C. Oct. 24, 2007) (dismissing 61-page, 368 paragraph complaint for violating Rule 8). As then-Judge Ketanji Brown Jackson recognized concerning impermissibly lengthy complaints, "even if the counts… actually state a claim upon which relief can be granted, why should the court be obliged to try to navigate through these papers in order to make that determination?" *Jiggetts*, 319 F.R.D. at 418. In that matter, Judge Jackson dismissed a complaint which was 78 pages long with 450 paragraphs. *Id*. at 410.

Further, the Second Amended Complaint also includes incorporation clauses throughout, which adopt over numerous paragraphs of factual allegations into each count. S*ee Jiggets*, 319 F.R.D. at 416 (dismissing as a shotgun pleading, in part, because "[e]ach of the 20 counts generally 'incorporates by reference' every paragraph before it, and most counts fail to give any indication of the particular allegations that correspond to the legal theories and claims that are alleged in the count at issue."). Accordingly, all counts should be dismissed as the Second Amended Complaint constitutes an impermissible shotgun pleading.

3. <u>Plaintiffs' claims accrued over three years ago for statute of limitations purposes.</u>

"Federal law governs when claims brought under § 1983 accrue" *Woodley v. City of New York*, 2010 WL 1713608, at *1 (E.D.N.Y. Apr. 28, 2010). "For stigma-plus claims, which

require a plaintiff to establish both governmental defamation and some material state-imposed burden or state-imposed alteration of his status or rights, a plaintiff's cause of action will not accrue until he has suffered both a valid 'stigma' and a valid 'plus[.]'" *Id*. (internal citations omitted). However, "[i]t is not necessary for a plaintiff to have suffered all possible injuries before his stigma-plus claim accrues; rather, a claim accrues even if some of the consequences of the stigmatizing allegations are potential and contingent." *Id*. (citing *Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 632 (2nd Cir. 1996) (stigma-plus test satisfied where "[p]otential future employers undoubtedly will consult plaintiff's prior employer" and learn of stigmatizing statements). Stated differently, "a stigma-plus claim accrues once the plaintiff has suffered the potential consequences of the stigmatizing allegations, not the actual consequences[.]" *Id*. at *2.

In *Woodley*, the stigma-plus claim was based on an allegedly defamatory wanted poster, which resulted in plaintiff getting falsely arrested and prosecuted. *Id*. at *1-2. In an attempt to avoid the three-year statute of limitations, the plaintiff argued that the "plus" requirement was only met when he was found not guilty of the charges. *Id*. However, the Court held that the moment of accrual when he was arrested, not when the criminal trial concluded.

Returning to the case *sub judice*, the Plaintiffs contend the "stigma" was the OAG Press Release. Similar to *Woodley*, Plaintiffs claim the "plus" element was not satisfied until Judge Edelman issued his final judgment in 2024 following the jury trial. For the same reasons articulated in *Woodley*, this accrual analysis is incorrect. Instead, much like the arrest triggering accrual in *Woodley* rather than the jury verdict, the filing of the civil lawsuit in July 2019 was when Plaintiffs claim accrued.

## III. CONCLUSION

Based upon the foregoing facts and legal arguments, Defendant Vogel respectfully requests that the allegations asserted against him in Plaintiffs' Second Amended Complaint be dismissed with prejudice, or for any other relief as appropriate.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

*/s/ David L. DeWitt*

David L. DeWitt, Jr., Esq., Bar No. 1685898
Anne K. Howard, Esq., Bar No. 415690
Walter E. Gillcrist, Jr., Esq., Bar No. 398328
12300 Twinbrook Parkway, Suite 540
Rockville, MD 20852
(301) 654-0896 / (301) 907-9591 (f)
ahoward@budownoble.com
ddewitt@budownoble.com
wgillcrist@budownoble.com
*Counsel for Kenneth Vogel*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of August 2026, I served a true copy of Defendant Kenneth Vogel's Reply in Support of Motion to Dismiss Second Amended Complaint, or, in the alternative, Motion for Summary Judgment via Pacer to the following:

Edward W. Lyle, Esq.
Law Office of Edward W. Lyle
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
ewlyle@west1805.com
***Attorney for Plaintiffs, Derrick Sieber***

Stephen C. Sieber
1805 45th Street NW
Washington, DC 20007
***Plaintiff, Pro Se***

Marcus Daniel Ireland, Esq.
Adam Daniel, Esq.
David R. Wasserstein, Esq.
Office of the Attorney General for The District of Columbia
400 Sixth Street NW, Suite 10100.085
Washington, DC 20001
marcus.ireland@dc.gov
***Attorney for Defendants, District of Columbia, Karl Racine, Brian Schwalb, Timothy Shirey, Jennifer Jones, Adam Teitelbaum, Kevin Vermillion, Lindsay Marks, and Margaret Ulle***

Blair L. Gilbert, Esq.
D.C. Office of the Attorney General
400 6th Street, NW
Washington, DC 20001
blair.gilbert@dc.gov
***Attorney for Defendant, Associate Judges J. McKenna, T. Edelman, Chief Judge A. Josey-Herring, Thomas Hedgepeth, and Milton Lee, Jr.***

Kimberly Stratton, Esq.
Peter C. Pfaffenroth, Esq.
US Attorney's Office for DC
555 Fourth Street, NW
Washington, DC, 20530
Kimberly.stratton@usdoj.gov
Peter.pfaffenroth@usdoj.gov
***Attorneys for Def Spencer***

George A. Gasper, Esq.
Timothy D. Belevetz, Esq.
ICE MILLER LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606
George.gasper@icemiller.com
Timothy.belevetz@icemiller.com
Attorney for Def Angi, Inc.

______*/s/ David L. DeWitt*______________
David L. DeWitt, Jr., Esq., Bar No. 1685898