**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEPHEN SIEBER, *et., al* | * | |
| | * | |
| | * | **Case No. 1:24-cv-03247** |
| v. | * | Hon. Ana C. Reyes |
| | * | 42 U.S C. § 1983 |
| | * | |
| THE DISTRICT OF COLUMBIA *et., al* | * | |

**PLAINTIFF'S OPPOSED MOTION FOR JUDICIAL NOTICE OF PRIOR JUDICIAL ADMISSIONS UNDER FRE 201 AND 801(d)(2)(C) and (D)**

In accordance with Fed. R. Evid. 201(b), (c)(2), (d) and 801(d)(2) (C) and (D), Plaintiffs respectfully move this Court to take judicial notice of the public record and factual statements made by the Defendant District of Columbia ("District"), acting through its Office of the Attorney General ("OAG") in concurrent litigation before the District of Columbia Court of Appeals, ("DCCA"). The District's public record statement to the DCCA forecloses its absolute immunity defense regarding *ex parte* contact between Deputy U.S. Marshals and the jury as pled by Plaintiffs in Count V, ¶¶ 147–217 in its Second Amended Complaint ("SAC"). Specifically, OAG stated in its DCCA filings that an unnamed OAG employee contacted the U.S. Marshals Office seeking an escort.

This statement becomes relevant to the resolution of the District's absolute immunity arguments found in its Motion to Dismiss filed on May 28, 2026 and in its Reply Brief filed on September 28, 2026 in this Court. Absolute prosecutorial immunity requires a functional immunity test mandated by the Supreme Court for claims against the District Defendants found in Plaintiffs' SAC. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) and *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

## LEGAL STANDARD

**Judicial Notice of Public Court Records Under FRE 201**

Federal Rule of Evidence 201(b) permits this Court to judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2). While a court generally takes judicial notice of a public records to establish the existence of litigation and judicial orders, factual assertions made by counsel to the court carry independent evidentiary weight. Judicial notice may be filed anytime during the proceeding. Fed. R. Evid. 201(d).

**Admissions by a Party-Opponent and Judicial Admissions Under FRE 801(d)(2) (C) and (D)**

Under Federal Rule of Evidence 801(d)(2) (C) and (D), a statement is not hearsay if it is offered against an opposing party and made in the record of a case by legal counsel.

## THE JUDICIAL NOTICE REQUESTED

In its brief in the DCCA, the District argues an alternate motive for the jury contact by making scandalous and unsubstantiated claims about the conduct of Stephen Sieber when taking photos of District's lawyers outside the courthouse for his own press release. When making this argument in the DCCA, the District made a factual statement claiming an unnamed OAG employee contacted the US Marshals Office, of which contact resulted in jury contamination. Judicial notice is requested of the following specific, self-authenticating record:

> *"Given Stephen's behavior, an employee of OAG (not a member of OAG trial counsel) contacted the U.S. Marshals on May 28th and asked them to escort OAG counsel from the courtroom to the building's loading dock at the end of the day."* (DCCA Case: 25-CV-0046; Appellee Brief. 14:16–18)

## ARGUMENT

**The Requested Judicial Notice of Specific Content in the District's Appellate Brief, Attached as Exhibit B, should be Granted Under FRE 201**

It is well-established that a court may take judicial notice of public court records, including briefs and pleadings filed in related or appellate proceedings. *See, e.g., Covad Communs. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). Accordingly, Plaintiffs ask this Court to take judicial notice of parts of the District's response brief filed in the DCCA on July 31, 2026, to establish factual assertions regarding the jury contamination claims found in Plaintiffs' SAC in Count V, ¶¶ 147–217.

**The Assertion in the District's Brief to the DCCA Constitute a Non-Hearsay Party Admission Under FRE 801(d)(2) (C) and (D)**

While judicial notice of a court record generally establishes the existence of the case record, specific judicial orders and documents within it, the judicial notice requested by Plaintiffs is admissible for *the truth of the matter asserted* because it constitutes a statement of an opposing party in concurrent litigation in the DCCA under Federal Rule of Evidence 801(d)(2).

1. Rule 801(d)(2)(C) (Authorized Statement): The District's lawyers of record in DCCA Case 25-cv-0046 were explicitly authorized by the District to draft, file, and assert factual positions on its behalf.
2. Rule 801(d)(2)(D) (Agent/Employee Statement): The District's appellate counsel made a binding factual statement in the DCCA under Rule 11(b)(3) during the scope of its legal representation regarding an undisclosed OAG employee contacting the U.S. Marshals.

**The District's Factual Statements Serve as a Binding Judicial Admission**

"It is a general principle that factual allegations in operative pleadings are judicial admissions of fact." *See El Paso Natural Gas Co. v. United States,* 750 F.3d 863, 876 (D.C. Cir. 2014). "A judicial admission is [a] party's assertion by which it normally is bound throughout

the course of the proceeding." *Id.* It is well-settled in this jurisdiction that clear, deliberate, and unambiguous factual concessions made in a party's brief constitute binding judicial admissions that effectively withdraw those facts from contention. *See McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959); *see also Kreuzer v. George Washington University,* 896 A.2d 238 (D.C. 2006). In that ruling, the D.C. Court of Appeals explicitly reiterated that a judicial admission is "a substitute for evidence" and that "facts judicially admitted are facts established" which a party may not later foreswear (quoting *Royall v. Weitzman,* 125 A.2d 680, 682 (D.C. 1956).

**The Mandatory Functional Test:** The Supreme Court has established that absolute immunity does not protect a prosecutor's entire portfolio of actions simply because a trial is underway. Under the controlling *functional approach,* a court looks strictly to the nature of the function performed with absolute prosecutorial immunity narrowly reserved for trial advocacy.

Protection requests to the U.S. Marshals without a court order are fundamentally administrative and operational, not advocatory, and are therefore completely excluded from absolute immunity under *Buckley* 509 U.S. at 273–74. Because OAG possesses zero jurisdiction to request, deploy, or command Deputy U.S. Marshals into a local civil jury proceeding, the District acted in the clear absence of all jurisdictions, *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983). Trial advocacy occurs openly and on the record in an adversarial setting. Because absolute immunity shields legitimate litigation advocacy and not anonymous administrative maneuvers by the Attorney General, District's trial lawyers and associated staff, the judicial notice requested will assist this Court in its functional review. Under the Supreme Court's functional approach, coordinating with law enforcement agencies without a court order or notice to the opposing party constitutes an investigative or administrative function that is not protected courtroom advocacy.

Having asserted its specific narrative on the record to the DCCA, the District Defendants is judicially estopped from inventing a contrary, advocacy-based defense before this Court. Therefore, the District's statement stands as an undisputed fact that legally strips the District Defendants of absolute prosecutorial immunity.

**Local Civil Rule 7(m) Conformance:** Pursuant to Local Civil Rule 7(m), Plaintiffs certify that on the afternoon of September 28, 2026, the District's counsel was contacted via email and sent a copy of this judicial notice motion in a good faith meet and confer and the District has informed Plaintiffs that it opposes the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiffs' motion for judicial notice, supported and authenticated by the following attached exhibits:

**Exhibit A:** The DCCA public docket report that verifies the authenticity and filing date of the District's response brief as July 31, 2026.

**Exhibit B:** The relevant section of the District's response brief filed in the DCCA in Case No. 25-CV-0046, specifically page 14:16–18 is attached to this motion, wherein the District admits that the individual who secretly contacted the U.S. Marshals Service *ex parte* was *not trial counsel* and instead an anonymous OAG employee.

Respectfully submitted,
September 29, 2026

*/s/ Stephen C. Sieber, Pro-se*
Stephen C. Sieber,
1805 45th Street NW
Washington D.C 20007
*Email,* marcostevie@gmail.com
Phone 240-432-3265

*/s/ Edward W. Lyle*
Edward W. Lyle, D.C. Bar 25700
1250 Connecticut Avenue N.W., Suite 700
Washington D.C. 20036
Tel: (202) 333-4280
Fax: (202) 333-4282
Email: *ewlyle@west1805.com*
*Attorney for Precision Contracting Solutions, LP and Derrick Sieber, individually*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September 2026 that a true copy of PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF PRIOR JUDICIAL ADMISSIONS UNDER FRE 201 AND 801(d)(2) (C) and (D) was filed through the Court's e-filing system and served upon all registered participants.

*/s/ Stephen C. Sieber*
Stephen C. Sieber